## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KIMBERLY W.,[1]

      Plaintiff,

                                     **Case No. 3:22-cv-6429**

   v.                           **Magistrate Judge Norah McCann King**

MARTIN O'MALLEY,
Commissioner of Social Security,

      Defendant.

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Kimberly W. for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court the Court reverses the Commissioner's decision and remands the matter for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Martin O'Malley, the current Commissioner of Social Security, is substituted as Defendant in his official capacity. *See* Fed. R. Civ. P. 25(d).

1

I.    **PROCEDURAL HISTORY**

On November 6, 2019,[3] Plaintiff filed her application for benefits, alleging that she has been disabled since January 11, 2019. R.24, 50–52. The application was denied initially and upon reconsideration. R. 130–34, 138–40. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 141. ALJ Beth Shillin held a hearing on June 8, 2021, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 44–85. In a decision dated August 4, 2021, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from November 6, 2019, the date on which Plaintiff's application was filed, through the date of that decision. R. 24–39. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on May 20, 2022. R. 9–14. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On November 30, 2022, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 7.[4] On February 24, 2023, the case was reassigned to the undersigned. ECF No. 10. The matter is ripe for disposition.

II.    **LEGAL STANDARD**

A.    **Standard of Review**

In reviewing applications for Social Security disability benefits, this Court has the

---

[3] At the administrative hearing, Plaintiff's counsel represented that Plaintiff actually filed her application on November 6, 2019, and not in June or July of 2020, as appeared in the record. R. 50–52; *see also* R. 211–17 (copy of application dated July 7, 2020). The ALJ ultimately accepted November 6, 2019, as the application date and referred to that date in her written opinion. R. 24–26, 38–39.

[4] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. § 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g., Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121

("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981).  Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record.  *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is

5

disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

###### B.    Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. at § 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## III.    ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 39 years old on November 6, 2019, the date on which her application was filed. R. 37. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the decision. R. 26.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: morbid obesity; L4-5, S1 radiculopathy; status post L5-S1 surgery and revision (2003 and 2004); and osteoarthritis in bilateral knees. R. 27. The ALJ also found that the following impairments were not severe: insomnia; hypertension; non-intractable headaches; chronic fatigue syndrome ("CFS"); depression; and anxiety. R. 27–28.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 28.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 28–37. The ALJ also found that this RFC did not permit the

performance of Plaintiff's past relevant work as a mail sorter, medical assistant, and reservations clerk. R. 37.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs—*e.g.,* jobs as an addresser, an order clerk, and a table worker–existed in the national economy and could be performed by Plaintiff. R. 37–38. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from November 6, 2019, Plaintiff's application date, through the date of the decision. R. 38–39.

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision of the Commissioner be reversed and remanded for further proceedings. *Plaintiff's Memorandum of Law,* ECF No. 15. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 18.

## IV.    SUMMARY OF RELEVANT MEDICAL EVIDENCE

Consultant Deogracias Bustos[5] conducted an initial review of Plaintiff's medical record on behalf of the state agency on July 29, 2020. R. 108–18. Consultant Bustos opined, *inter alia*, that Plaintiff could occasionally (meaning one-third or less of an 8-hour day) lift and/or carry 20 pounds; could frequently (meaning more than one-third up to two-thirds of an 8-hour day) lift and/or carry 10 pounds; could stand and/or walk for a total of 4 hours; could sit for a total of 6 hours; and could push and/or pull without limitation. R. 115. Consultant Bustos further opined that Plaintiff could occasionally climb ramps/stairs, balance, stoop (bend at the waist), and

---

[5] Other than a medical specialty code of 19, R. 118 (reflecting the code "19" after his listed name); POMS DI 24501.004(B) (providing that "19" reflects a specialty of internal medicine), the credentials of this state agency consultant are not immediately apparent in the record.

crouch, but could never climb ladders/ropes/scaffolds, kneel, or crawl. R. 116.

Jose Acuna, M.D.,[6] reviewed Plaintiff's medical record upon reconsideration for the state agency on February 3, 2021. R. 121–27. Dr. Acuna agreed with Consultant Bustos that Plaintiff could frequently lift and/or carry 10 pounds; could occasionally lift and/or carry 20 pounds; could occasionally climb ramps/stairs, balance, stoop (bend at the waist), and crouch, but could never climb ladders/ropes/scaffolds, kneel, or crawl. R. 124–25. However, Dr. Acuna disagreed with Consultant Bustos regarding Plaintiff's ability to sit, stand, and walk, opining that Plaintiff could instead sit for a total of only 4 hours in an 8-hour day and could stand and/or walk for a total of about 6 hours in an 8-hour day. R. 124.

## V.    DISCUSSION

Plaintiff argues, *inter alia*, that the ALJ erred in her consideration of the opinions of, *inter alios*, the state agency reviewing consultants, particularly the opinion of Dr. Acuna. *Plaintiff's Brief*, ECF No. 15, pp. 7–14. For the reasons that follow, this Court agrees.

For claims filed after March 27, 2017,[7] the regulations eliminated the hierarchy of medical source opinions that gave preference to treating sources. *Compare* 20 C.F.R. § 416.927 *with* 20 C.F.R. § 416.920c(a) (providing, *inter alia*, that the Commissioner will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources"). Instead, the Commissioner will consider the following factors when considering all medical opinions: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treating examination, the frequency of examinations, and the purpose

---

[6] Dr. Acuna has an internal medicine specialty. R. 126–27 (reflecting medical specialty code of "19 Internal Medicine").

[7] As previously noted, Plaintiff's claim was filed on November 6, 2019.

of the treatment relationship; (4) the medical source's specialization; and (5) other factors, including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 416.920c(c).

The regulation emphasizes that "the most important factors [that the ALJ and Commissioner] consider when [] evaluat[ing] the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section)." *Id.* at § 416.920c(a). As to the supportability factor, the regulation provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at § 416.920c(c)(1). As to the consistency factor, the regulation providse that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at § 416.920c(c)(2).

The applicable regulation further requires the ALJ to articulate her "consideration of medical opinions and prior administrative medical findings" and articulate in the "determination or decision how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." *Id.* at § 416.920c(b). As previously noted, "[s]upportability and consistency are the most important factors. . . . ALJs need not explain their determinations regarding the other factors, but they must discuss supportability and consistency." *Gongon v. Kijakazi*, 676 F. Supp. 3d 383, 394 (E.D. Pa. 2023) (citations

omitted); *see also Stamm v. Kijakazi*, 577 F. Supp. 3d 358, 370 (M.D. Pa. 2021) ("Generally, the ALJ may, but is not required to, explain his or her consideration of the other factors, but if there are two equally persuasive medical opinions about the same issue that are not exactly the same, then the ALJ must explain how he or she considered the other factors.").

At step four of the sequential evaluation process in this case, the ALJ found that Plaintiff had the RFC to perform a limited range of sedentary work as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except can never climb ladders, scaffolds or ropes; never crawl; occasionally climb stairs and ramps; and occasionally crouch, stoop, kneel and balance. The claimant can never have exposure to heavy machinery or heights. The claimant can perform simple, repetitive and routine tasks. The claimant is able to perform work allowing her to ambulate with a cane, and elevate her legs six inches off the floor.

R. 28. In reaching this determination, the ALJ found, *inter alia*, that the reviewing state agency consultants' opinions were somewhat persuasive, reasoning as follows:

> On the initial level, DDS consultants opined that the claimant had the ability to perform light exertional work activity, except only standing/walking for four hours, with postural limitations. On the reconsideration level, *DDS consultants opined that the claimant had the ability to perform light exertional work activity, <u>except only sitting for four hours</u>*, with postural and environmental limitations. (Exhibits B3A and B6A) I find these opinions somewhat persuasive. Their persuasiveness is reduced because while these opinions were rendered by doctors with program knowledge, any deference that might ordinarily be afforded these assessments under Social Security Ruling (SSR) 17-2p is diminished by the fact that the consultants did not have the opportunity to examine the claimant or review the evidence received after their file review was complete. The current medical record supports greater limitations and restrictions, and described in the above residual functional capacity.

R. 36.

In challenging the ALJ's consideration in this regard, Plaintiff argues that the ALJ failed to adequately evaluate and discuss the supportability and consistency of these medical opinions in accordance with the governing regulation. *Plaintiff's Brief*, ECF No. 15, pp. 8–10. Plaintiff

11

also argues that the ALJ failed to reconcile the two differing state agency opinions, *i.e.*, six hours of sitting, as opined on the initial review, versus four hours of sitting, as opined on reconsideration, and did not provide a legally valid basis for rejecting Dr. Acuna's opinion on reconsideration that limited Plaintiff to, *inter alia*, sitting no more than four hours in an eight-hour workday. *Id*. at 8, 14. In advancing this argument, Plaintiff contends that the ALJ failed to explain what part of the opinions were deemed unpersuasive and failed to explain, *inter alia*, why she did not adopt Dr. Acuna's opined limitation of four hours of sitting despite the ALJ stating that "greater limitations and restrictions" than those in the state agency opinions were warranted. *Id*. at 11–12. Plaintiff also contends that, in addition to using boilerplate language to improperly discount the state agency consultants' opinions, there were no medical records submitted in the four months after Dr. Acuna issued his opinion and before the administrative hearing that contradicted that physician's sitting limitation to four hours. *Id*. at 13–14. According to Plaintiff, the ALJ's error in evaluating Dr. Acuna's opinion was harmful because a limitation to four hours of sitting would result in a finding of disabled. *Id*. at 12–13.

The Commissioner disagrees, arguing that the ALJ properly considered the factors of supportability and consistency. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 18, pp. 8–13. The Commissioner further argues that, contrary to Plaintiff's complaint, the applicable regulation—which emphasizes using "source-level" articulation—did not require the ALJ to assess the persuasiveness of each particular limitation, including Dr. Acuna's four-hour sitting limitation. *Id*. at 13–14 (citing 20 C.F.R. § 416.920c(a)(1)). The Commissioner also contends that, reading the decision as a whole, the ALJ's discussion of the medical evidence supports her statement that such evidence received after the state agency review supports greater limitations

and restrictions and allows a subsequent reviewer to trace her reasoning. *Id*. at 14–15 (citing R. 29–36).

The Court concludes that this issue requires remand. As detailed above, the ALJ, after expressly acknowledging Dr. Acuna's four-hour sitting limitation, concluded that the "current medical record supports *greater* limitations and restrictions" than those found by the state agency reviewing consultants. R. 36 (emphasis added). The ALJ, however, fashioned an RFC for sedentary work, which requires, *inter alia*, sitting for approximately six hours in an eight-hour workday, and which is inconsistent with Dr. Acuna's sitting restriction. R. 28, 124; *see also* 20 C.F.R. § 416.967(a) (explaining that a sedentary job, *inter alia*, "is defined as one which involves sitting); SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) (explaining that, in sedentary work, "sitting should generally total approximately 6 hours of an 8-hour workday").

It is true that the applicable regulation requires "[s]ource-level articulation[,]" which provides that ALJs "are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. § 416.920c(b)(1). However, "the new regulations have not upended the established demands of the substantial evidence standard which requires that any rejection of relevant evidence be explicit so as to be reviewable." *Lori O. S. v. O'Malley*, No. 23-CV-3859, 2024 WL 3522190, at *9 (E.D. Pa. July 24, 2024) (citing *Prodin v. Kijakazi*, No. 20-1372, 2022 WL 973703, at *5 n.2 (M.D. Pa. Mar. 31, 2022) (cleaned up); *see also Moore v. Kijakazi*, No. 1:21-CV-1769, 2023 WL 1973210, at *10 (M.D. Pa. Feb. 13, 2023) ("While we appreciate the Commissioner's argument that the analytical paradigm that applies to evaluating medical opinions fundamentally changed in March of 2017, in our view that change does not alter the significance of medical opinion evidence to a disability analysis. Nor does that paradigm shift discount the longstanding legal principles which

called for a clear articulation of the ALJ's rationale in making a disability determination."). The Commissioner asserts that the ALJ's discussion of the medical evidence supports her evaluation of Dr. Acuna's opinion, but review of the "current medical record[,]" R. 36, *i.e.*, evidence entered into the record after that physician's review on reconsideration in February 2021, belies that assertion. Although the ALJ discussed that later evidence, R. 33–34, it is not apparent how that discussion either contradicts or undermines Dr. Acuna's four-hour sitting limitation. For example, the ALJ noted that an April 2021 physical examination by a pain management specialist revealed, *inter alia*, a normal gait, normal muscle bulk and tone, 4/5 strength in the bilateral hip abductors, and a prescribed knee brace, but findings also included tenderness to palpation of the lumbar and paraspinal regions, paraspinal muscle spasm, and positive straight leg raising in the sitting and supine positions, and impressions that included lumbar disc herniation with radiculopathy and failed back syndrome of the lumbar spine. R. 34. Based on this record, the Court is unable to follow the ALJ's reasoning in rejecting Dr. Acuna's opined four-hour sitting limitation. *See Lori O. S.*, 2024 WL 3522190, at *9 ("The Court instead concludes that remand is warranted because the ALJ implicitly rejected an assessed limitation from a medical opinion without providing a meaningful explanation."); *Lawrence v. Kijakazi*, No. 22-CV-4995, 2023 WL 7129950, at *9 (E.D. Pa. Oct. 30, 2023) (remanding where "the ALJ did not articulate on a 'source-level' basis  her consideration of Dr. Dankmyer's overall opinion. Instead, her entire 'consistency' discussion consisted of nothing more than an inadequate reference to the 'above-defined' RFC and the statement that Plaintiff had postural limitations because of her degenerative disorders"); *Moore*, 2023 WL 1973210, at *11 ("[E]ven under the new regulations governing evaluation of medical opinion evidence, more is needed by way of an explanation. Since the ALJ's burden of articulation is not met in the instant case, this matter must be

remanded for further consideration by the Commissioner."); *Sanford v. Comm'r of Soc. Sec.,* No. 13-CV-0366, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) ("The Third Circuit has held that access to the Commissioner's reasoning is [ ] essential to a meaningful court review.") (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)); *cf. Prodin*, 2022 WL 973703, at *5 n.7 (remanding action where, *inter alia*, the ALJ's rejection of two relevant medical opinions "largely consisted of his brief reference to inconsistency with evidence discussed elsewhere in the decision. However, *the discussion he referenced did not decisively contradict the opinion evidence*. The Court will not ignore that oversight merely because the ALJ's rejection of the medical sources' opinions is, in some respects, adequate") (emphasis added).

This Court therefore concludes that remand of the matter for further consideration is appropriate.[8] Moreover, remand is appropriate even if, upon further examination of the evidence and consideration of the RFC determination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error.

---

[8] Plaintiff claims other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Dr. Acuna's opinion and the RFC determination, the Court does not consider those claims.

Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision.").

## VI.    CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  November 20, 2024                          _____*s/Norah McCann King*_____
                                                                       NORAH McCANN KING
                                                                       UNITED STATES MAGISTRATE JUDGE